1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

9
10
11
12
13
14

Bhupinder Singh,                                    )      No. CV-06-135-PHX-JAT (LOA)
                                                    )
             Petitioner,                            )      **REPORT AND RECOMMENDATION**
                                                    )
vs.                                                 )
                                                    )
Alberto Gonzales, et al.,                           )
                                                    )
             Respondents.                           )
_____ )

15
16
17
18
19
20

        This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28
U.S.C. § 2241.  (docket # 1) Petitioner claims that his detention pending removal is indefinite
and violates his substantive and procedural due process rights under the Fifth Amendment.
He further argues that he should be released on bail pending the Ninth Circuit Court of
Appeals' resolution of his pending petition for review.

21

                    <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

22
23
24
25
26
27
28

        Petitioner is a native and citizen of India.  On or about May 18, 1996, Petitioner
entered the United States without being admitted or paroled after inspection by an
Immigration Officer. (Respondents' Exh. 1) On September 5, 1997, Petitioner submitted an
application for asylum with the Asylum Office in San Francisco.  (Respondents' Exh. 2) On
November 19, 1997, the Asylum Officer denied Petitioner's application due to "material
inconsistencies within [Petitioner's] testimony and the "lack of details on material points."

(Respondents' Exh. 3) The former Immigration and Naturalization Service[1] ("INS") placed Petitioner in removal proceedings on November 18, 1997 with the issuance of a Notice to Appear ("NTA").   The NTA charged Petitioner with being inadmissible under § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled after inspection by an Immigration Officer.  (Respondents' Exh. 4)

During a December 9, 1997 master calendar hearing, Petitioner, through counsel, admitted the truth of the allegations in the charging document and conceded removability. Petitioner renewed his request for asylum, withholding of removal, and, alternatively, requested voluntary departure.  The case was reset for a hearing on the merits.  (Respondents' Exh. 1 at 1-4)

On April 12, 1999, an Immigration Judge conducted a hearing on the merits of Petitioner's applications. The Immigration Judge found Petitioner removable and denied his applications for asylum, withholding of removal, and voluntary departure.  (Respondents' Exh. 5) Petitioner reserved his right to appeal.  On April 13, 1999, Petitioner filed a Notice of Appeal with the Board of Immigration Appeals ("BIA").  (Respondents' Exh. 6)

On June 19, 1999, Petitioner filed a motion with the BIA requesting that the case be remanded for consideration of withholding of removal under the Convention Against Torture ("CAT").  (Respondents' Exh. 7)

In July of 2000, after the initiation of removal proceedings, Petitioner married a United States citizen. (Respondents' Exh. 8)  On January 25, 2001, Petitioner's wife submitted a Petition for Alien Relative (Form I-130) based upon her status as a United States citizen and her marriage to Petitioner. (Respondents' Exh. 8) On March 31, 2003, an immigration officer denied the I-130 petition on the ground that the primary purpose of the

---

[1]  The INS ceased to exist as an independent agency within the Department of Justice and its  functions were transferred to the newly formed Department of Homeland Security on March 1, 2003.  See, Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

marriage was to circumvent the immigration laws. (Respondents' Exh. 9) On April 18, 2003, Petitioner appealed the denial of the I-130 petition. (Respondents' Exh. 10) That appeal was pending when Petitioner filed the pending Petition and there is no further information regarding the appeal in the record.

In the meantime, on December 16, 2002, the BIA dismissed Petitioner's appeal of the denial of his applications for asylum, withholding of removal, and voluntary departure. The BIA also denied Petitioner's motion to remand for consideration of relief under the CAT, finding that Petitioner had failed to establish a prima facie case of eligibility. (Respondents' Exh. 11) Petitioner filed a petition for review in the Ninth Circuit Court of Appeals (Respondents' Exh. 12) which the court denied on January 15, 2004. Singh v. Ashcroft, No. 03-70228, 2004 WL 68695 (9th Cir. Jan. 12, 2004)(unpublished decision)(Respondents' Exh. 13).

On June 29, 2004, the Department of Homeland Security ("DHS") ordered Petitioner to appear in San Francisco, California at 9:30 a.m. on August 4, 2004, for his deportation from the United States. Petitioner did not appear. (Respondents' Exhs. 14, 15)

On August 2, 2004, Petitioner filed a Petition for Writ of Habeas Corpus with a Stay of Deportation and a Motion for Temporary Restraining Order with this Court. Singh v. Ashcroft, CV-04-1571-PHX-JAT (LOA). Petitioner alleged that his removal from the United States would violate his constitutional right to due process. On March 17, 2005, this Court dismissed that Petition and the Clerk entered judgment. Singh, CV-04-1571-PHX-JAT (LOA)(docket # 20, # 21) On April 25, 2005, Immigration and Customs Enforcement ("ICE") agents apprehended Petitioner and took him into custody. (Respondents' Exh. 16) On May 6, 2005, Petitioner filed a motion to reopen with the Board of Immigrations Appeals to permit Petitioner to apply for adjustment of status. (Respondents' Exh. 17) On July 20, 2005, the BIA denied that motion. (Respondents' Exh. 18)

On August 17, 2005, Petitioner filed a Petition for Review and a Request for Stay of Removal with the Ninth Circuit Court of Appeals. Singh v. Ashcroft, C.A. 05-74822. On

November 1, 2005, the court ordered a stay of removal pending the resolution of the petition for review.  The record before the Court indicates that the petition for review is pending.

On August 23, 2005, the government requested travel documents for Petitioner from the Indian Consulate.  (Respondents' Exh. 19) On October 17, 2005, the government reviewed Petitioner's detention and determined that he should remain in custody. (Respondents' Exh. 20)  Respondents assert that on January 5, 2006, the Indian government issued travel documents for Petitioner.  Thereafter, Petitioner filed the pending petition for writ of habeas corpus.  (docket # 1) Respondents have filed an Answer (docket # 9) to which Petitioner has replied (docket # 10).

## ANALYSIS

### I. Zadvydas Claim

Petitioner challenges the legality of his continued detention under Zadvydas v. Davis, 533 U.S. 678 (2001).

#### A. Jurisdiction

Because Petitioner presents a constitutional challenge to the government's right to detain him indefinitely, the district court has jurisdiction over the § 2241 petition.  Zadvydas, 533 U.S. at 688; Arango Marquez v. INS, 346 F.3d 892, 896 (9th Cir. 2003)(finding that district court had jurisdiction over petitioner's claim that his indefinite detention by the INS violated his due process rights and that, even if administrative exhaustion applied, court properly waived it.)  Even assuming that administrative exhaustion applies, this Court has the authority to waive exhaustion because the exhaustion requirement in § 2241 cases is prudential, rather than jurisdictional.

Title 28 U.S.C. § 2241 authorizes the district courts to consider petitions for writ of habeas corpus.  As the Ninth Circuit explained in Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, Fernandez-Vargas v. Gonzales, ___U.S.___,126 S.Ct. 2422, 165 L.Ed.2d 323 (2006):

> [Section 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.  However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241. . . The exhaustion requirement in § 2241 cases is subject to waiver because it is not a "jurisdictional" prerequisite. (citation omitted)  Our conclusion that it is not "jurisdictional" is based on the fact that exhaustion is not required by statute. . . .

Id.  Castro emphasized that the requirements of § 2241 should not be confused with § 2254 which specifically requires that petitioners in state custody exhaust other remedies before seeking habeas corpus relief.  Id. at 1047; Sun v. Ashcroft, 370 F.3d 932, 941 & n. 13 (9th Cir.2004) (holding that 8 U.S.C. § 1252(d)(1) establishes a statutory administrative, but not judicial, exhaustion requirement).

This district court has jurisdiction pursuant to § 2241 to consider Petitioner's constitutional claims and finds that exhaustion is not a jurisdictional requirement to the consideration of those claims.

## B.  Merits of Petitioner's Claims

Petitioner claims that his continued detention pending removal violates his constitutional rights to procedural and substantive due process.  Section 241(a)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1231(a)(1), provides that, after a removal order issued, the Attorney General must remove an alien from the United States within ninety days.  This "removal period" commences on the latest of the following: "(i) the date the order of removal becomes administratively final.  (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.  (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement."  8 U.S.C. § 1231(a)(1)(B).

In Zadvydas v. Davis, 533 U.S. 678, 687 (2001), the Supreme Court held that after the 90-days, the post-removal-period detention provision, 8 U.S.C. § 1231(a)(6), implicitly limits an alien's detention to "a period reasonably necessary to bring about that alien's removal from the United States" and does not permit indefinite detention.  Id. at 689.  The

Supreme Court further held that six months is a presumptively reasonable period of detention. Id. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701. To state a claim under Zadvydas, the alien not only must show post-removal-order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Id. "[W]here an alien seeks release *prior* to the expiration of the presumptive six-month period, his claims are unripe for federal review." Sofowora v Gonzales, No. 1:06-cv-00242-OWW-TAG-HC, 2006 WL 2785733, * 4 (E.D.Cal., August 25, 2006)(emphasis in original), *report and recommendation adopted*, 2006 WL 2781670 (E.D.Cal., September 23, 2006).

Petitioner argues for release under Zadvydas arguing that his continued detention pending resolution of his Petition for Review in the Ninth Circuit violates the Constitution. Here, on November 1, 2005, the Ninth Circuit granted Petitioner's request for a stay of removal. Singh v. Ashcroft, C.A. 05-74822. This stay of removal remains in effect while Petitioner's petition for review is pending in the Ninth Circuit.   In view of the stay of removal, § 1231(a)(1)(B)(ii) applies as the "latest" of the three events set forth in § 1231(a)(1)(B), Sofowora, 2006 WL 2785733, * 3, and the ninety-day removal period has not yet commenced.  Because of the ongoing stay of removal in this case, neither the 90-day removal period nor the presumptively reasonable six-month period has begun.  Sofowora, 2006 WL 2785733, * 3 (finding that because of a stay of removal imposed by the Ninth Circuit, the 90-day period in which the government could remove petitioner had not even commenced, and  because that mandatory detention period had not begun, the six-month period of presumptively reasonable detention under Zadvydas, which is triggered by the commencement of the ninety-day removal period, had not begun either.)  Petitioner seeks release before the expiration of the presumptive six-month removal period and, therefore, his challenge to his detention under Zadvydas is not ripe for review. Singh v. Gonzales, No.

C05-1686-JLR-JPD, 2006 WL 1041838, * 4 (W.D.Wash. April 3, 2006)(finding that the 90-day removal period had not commenced where petitioner had sought and been granted stay of removal by the Ninth Circuit and, therefore, petitioner's challenge to his detention under Zadvydas was premature.); Sofowora, 2006 WL 2785733, * 4.

Moreover, Petitioner has not established that his removal to India will not be reasonably foreseeable once the Petition for Review is resolved and the stay is lifted. Zadvydas, 533 U.S. at 701-02.  For the reasons set forth above, Petitioner's claims based on Zadvydas fail.

**II.  Request for Release on Bond**

Petitioner further argue that because his continued detention violates the principles articulated in Zadvydas, he should be released on bail pending resolution by the Ninth Circuit of his appeal in C.A. 05-74822.  Habeas corpus jurisdiction cannot be sustained solely by a request for bail. Sofowora, 2006 WL 2785733, at * 5 (citing Kelly v. Springett, 527 F.2d 1090, 1092 (9th Cir. 1975)(stating that there is no absolute federal constitutional right to bail); Landano v. Rafferty, 970 F.2d 1230, 1240 (3rd Cir. 1992)(same))(other citations omitted) Rather, a request for release on bails "is best addressed in a motion for bail before the Ninth Circuit in its case [C.A. 05-74822]." Sofowora, 2006 WL 2785733, at * 5.

In accordance with the foregoing, the undersigned recommends that the District Court deny the Petition for Writ of Habeas Corpus.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 18th day of January, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 8 -