**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bhupinder Singh,<br><br>    Petitioner,<br><br>vs.<br><br>Alberto Gonzales, Attorney General; et al.,<br><br>    Respondents. | No. CV 06-135-PHX-JAT<br><br>**ORDER** |

On January 11, 2006, Petitioner filed this Petition for habeas relief pursuant to 28 U.S.C. § 2241. Petitioner alleges that his ongoing detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001). On January 19, 2007, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied as premature. (Doc. #11). On January 30, 2007, Petitioner filed objections to the Report and Recommendation. (Doc. #12).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"). District

1  courts are not required to conduct "any review at all . . . *of any issue* that is not the subject
2  of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28
3  U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the
4  [report and recommendation] to which objection is made.").

5  The Petitioner filed objections to some of the recommendations made in the Report
6  and Recommendation ("R&R"). This Court will review *de novo* the portions of the R&R to
7  which Petitioner objected.[1]

8  First, the R&R recommends that this Court find it has jurisdiction over this Petition
9  because either administrative exhaustion does not apply or because Respondents waived
10 administrative exhaustion in this case. R&R at 4-5. Because no one objected to this
11 recommendation, the Court accepts and adopts it and finds that the Court has jurisdiction
12 over this case.[2]

13 Second, the R&R recommends that this Court find Petitioner's claims unripe for
14 review. Petitioner objects to this recommendation.

15 Under 8 U.S.C. § 1231(a)(1), the Attorney General must remove an alien within 90
16 days after a removal order is issued. This 90 days begins to run the date the order of removal
17 becomes final administratively, or, if the order is judicially reviewed and if a court order
18 stays the removal of the alien, the date of the court's final order. 8 U.S.C. § 1231(a)(1)(B)(i)-

---

[1] Respondents did not file objections.

[2] The R&R concluded that exhaustion is prudential not jurisdictional. R&R at 4. The R&R then found this Court to have jurisdiction in this case because exhaustion is not a jurisdictional bar. R&R at 5. However, the R&R did not offer any factual findings regarding why there would be waiver of the prudential exhaustion requirement in this case. Because Respondents did not object, this Court has not independently considered this finding *de novo*. Nonetheless, as discussed more fully below, in Petitioner's pending case before the Ninth Circuit Court of Appeals, the Court of Appeals indicated that Petitioner has had an appeal pending before the Bureau of Immigration Appeals since April 18, 2003. The Bureau of Immigration Appeals failure to rule on the appeal in four years might be sufficient to find waiver of exhaustion.

1 (ii). Further, under *Zadvydas*, once the 90 days is running, a six month detention to effect
2 removal of an alien is presumptively reasonable. 533 U.S. at 701.[3]

3     In this case, it is undisputed that Petitioner has a case currently pending before the
4 Ninth Circuit Court of Appeals, C.A. 05-74822. Within that case, the Court of Appeals has
5 issued a stay of removal for Petitioner. On January 23, 2007, the Court of Appeals issued
6 an order requesting a status report regarding an appeal Petitioner has pending before the
7 Board of Immigration Appeals (WAC-01-100-51230). This Court has not received a copy
8 of the status report.

9     Based on the foregoing, the Magistrate Judge concluded that the 90 days to remove
10 Petitioner has not yet begun to run. R&R at 6-7. Then, the Magistrate Judge concluded that
11 the presumptively reasonable six months to remove under *Zadvydas* has also not begun to
12 run because it is triggered by the 90-day period which has also not begun. *Id. citing*
13 *Sofowora v. Gonzales*, 2006 WL 2785733, *3 (E.D.Cal. 2006) (finding that when a stay of
14 removal ordered by the Ninth Circuit Court of Appeals was in place, the 90-day period in
15 which the government could have removed petitioner had not commended, and because that
16 detention period had not begun, the six-month presumptively reasonable period under
17 *Zadvydas*, which is triggered by the 90-day period, had also not begun).

18     Petitioner objects and argues that various 90-day and six-month periods have elapsed
19 while he has been in custody and that those "count" as the presumptively reasonable six-
20 months under *Zadvaydas*. This Court disagrees. The Court must look at the case as it stands
21 today. As of today, the R&R concludes (page 4) and Petition agrees (Objections at 3) that
22 the Government has travel documents to remove Petitioner immediately. However, due to
23 Petitioner's own actions, specifically obtaining a stay of removal from the Court of Appeals,
24 Petitioner cannot be removed. Thus, Petitioner's continued "custody" is a result of

---

[3] Once the presumptively reasonable six-months elapses, the Court must consider whether there is a significant likelihood of removal in the reasonably foreseeable future. *Zadvaydas*, 533 U.S. at 701.

1 Petitioner's actions. While Petitioner may avail himself of whatever legal process is
2 available to him, he cannot count his use of the legal process against the Government.

3 Thus, the Court agrees with the holding in *Sofowora* as well as the recommendation
4 of the R&R that the 90-day time period to remove, which triggers the six-month time period
5 of *Zadvaydas*, has not begun to run. This is because, under 8 U.S.C. § 1231(a)(1)(B), there
6 is a judicially ordered stay in place and the deadlines do not begin until the Court of Appeals
7 issues a final order. In this case, the Court of Appeals has not issued a final order, so the
8 dates have not begun to run.[4] As a result, this Petition is premature.

9 Finally, the R&R concludes that this Court does not have habeas jurisdiction to
10 consider a request for bail. R&R at 7. Petitioner does not object to this conclusion.
11 Accordingly, the Court accepts and adopts the R&R's conclusion that this Court cannot
12 review a bail request is this case.

13 Based on the foregoing,

14 **IT IS ORDERED** that the Report and Recommendation (Doc. #11) is accepted and
15 adopted, the objections (Doc. #12) are overruled, the Petition is denied, without prejudice as
16 unripe and premature, and the Clerk of the Court shall enter judgment accordingly.

17 DATED this 13th day of April, 2007.

_____
James A. Teilborg
United States District Judge

---

26 [4] Additionally, the most recent order of the Court of Appeals indicating that an appeal
27 is still pending before the Board of Immigration Appeals would also cause the 90-days to
have not yet begun to run because the removal order is not yet final. *See* 8 U.S.C. §
28 1231(a)(1)(B)(i).